Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*FIN-GEARS, LLC*

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/10/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIN-GEARS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>BESTMARKET4U365, BOQQINGYW23, FOASH-83, HOUROUGS, ICHAMOU, ONEDAY2YOU, QIANYI-INC, RCDIGITAL, UKBEST_BASKET, and WINGOMALL18,<br><br>*Defendants* | CIVIL ACTION NO.<br>21-cv-0329 (RA)<br>[rel. 21-cv-0330; 21-cv-0331]<br><br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or FIN-GEARS** | FIN-GEARS, LLC | N/A |
| **Defendants** | bestmarket4u365, boqqingyw23, foash-83, hourougs, ichamou, oneday2you, qianyi-inc, rcdigital, ukbest_basket, and wingomall18 | N/A |
| **Defaulting Defendants** | bestmarket4u365, boqqingyw23, foash-83, hourougs, ichamou, oneday2you, qianyi-inc, rcdigital, ukbest_basket and wingomall18 | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on January 14, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on January 14, 2021 | Dkt. 6 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on January 14, 2021 | Dkts. 9-12 |
| **Okhrimenko Dec.** | Declaration of Denys Okhrimenko in Support of Plaintiff's Application | N/A |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 12 |

i

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on January 15, 2021 | N/A |
|---|---|---|
| **PI Show Cause Hearing** | February 4, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | February 4, 2021 Preliminary Injunction Order | Dkt. 4 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Fin-Gears Products** | A multipurpose fidget made of magnetic rings, which are used for tricks, games and stress relief | N/A |
| **Fin-Gears Marks** | U.S. Trademark Registration Nos.: 6,214,511 for "FIN-GEARS" for goods in Class 28; and 6,214,512 for " " for goods in Class 28 | N/A |
| **Fin-Gears Works** | U.S. Copyright Registration Nos.: VA 2-213-715, covering the Fin-Gears Instruction Manual; and VA 2-213-807, covering the Fin-Gears Packaging | N/A |
| **Infringing and/or Counterfeit Products** | Products bearing or used in connection with the Fin-Gears Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Fin-Gears Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly similar or substantially identical to the Fin-Gears Marks and/or products that are confusingly similar or substantially identical to the Fin-Gears Products | N/A |

| | | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 4, 2021 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement and trademark counterfeiting claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Fin-Gears Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Infringing and/or Counterfeit Products.[1]

Having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and all other pleadings and papers on file in this action, and for the reasons stated on the record at the December 10, 2021 hearing, it is hereby:

## Defaulting Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff as to the first and second causes of action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## Damages Award

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff twenty-five thousand Dollars ($25,000) ("Defaulting Defendants' Individual Damages

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Award") in statutory damages against each of the Ten (10) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) for a total of two hundred and fifty thousand Dollars ($250,000) ("Defaulting Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

### Permanent Injunction

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad) who receive actual notice of this Order, are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing and/or Counterfeit Products or any other products bearing one or more of the Fin-Gears Marks and/or marks that are confusingly similar or substantially identical to the Fin-Gears Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Fin-Gears Marks;

   C. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Fin-Gears Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Fin-Gears Marks, or any other marks or artwork that are confusingly similar or substantially identical to the Fin-Gears Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

    E.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing and/or Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

        i.  Defaulting Defendants' User Accounts and/or Merchant Storefronts;

        ii.  Defaulting Defendants' Assets; and

        iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing and/or Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    F.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing and/or Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks including, without limitation, the Fin-Gears Marks, or bear any marks

or artwork that are confusingly similar or substantially identical to the Fin-Gears Marks pursuant to 15 U.S.C. § 1118.

### Dissolution of Rule 62(a) Stay

5) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### Miscellaneous Relief

6) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property.

7) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165.

8) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED.

Date: January 10, 2022
New York, New York

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE